## Lewis *v.* Lewis

No. 40165 May 7, 1956 87 So. 2d 90

*Snow & Covington,* Meridian, for appellant.

*Floyd, Cameron & Deen,* Meridian, for appellee.

ROBERDS, P. J.

This proceeding involves the right of visitation of a father and his minor daughter. It is the aftermath of a broken home. W. Jack Lewis and Bess Lassiter Lewis became man and wife October 31, 1934. They had two children, both girls, Katherine Ann Lewis, called Ann, and Marguerette Gibson Lewis, called Marge, fourteen and five years of age, respectively, as of July 1950. On July 10, 1950, Jack Lewis removed from the marital home. His wife said he deserted her without cause. He

said he had just cause. On July 25, 1950, Mrs. Lewis filed a bill in the chancery court praying that Jack Lewis be required to contribute to the support of herself and the two children; that the court award her custody of the children; for suit money, and for general relief. She did not ask for a divorce.

On June 9, 1951, the chancery court imposed upon Jack Lewis the duty and obligation to support the children in the amounts stated in the decree, and awarded to the wife and children the right to reside in the home, which was owned by the husband and wife jointly, and settled some other questions relating to the support and maintenance of the children by the father, which are not material to the present controversy. The part of that opinion which is now material is that which awarded to Mrs. Lewis the general custody of the children but also provided that Mr. Lewis should have "* * * the custody of the named children, either together or one at the time, a minimum of two days each week and shall so have their custody for a thirty-day period each year, said period to be during the scholastic vacation period." It was further decreed that the visitation of the children to Mr. Lewis should not interfere with their school attendance, or regular church and Sunday school attendance on Sundays.

On November 17, 1952, Mrs. Lewis was granted a divorce from Jack Lewis, the decree expressly recognizing the continued existence of the custody, support and visitation decree as to the children, dated June 9, 1951, no change therein being made by the divorce decree.

In the meantime Mr. Lewis remarried. On August 5, 1955, Mrs. Lewis filed another petition in the chancery court, asking that the court eliminate from the support and visitation decree of June 9, 1951, the right of Mr. Lewis to have the children in his custody for the thirty-day period as above set out. The petition did not ask the court to eliminate, alter or change the award to

Jack Lewis of the custody of the children for two days each week under the conditions prescribed in the decree, as above set out.

By this time, Ann had become nineteen and Marge ten years of age. Ann was in college and was acting as counsellor and athletic instructor at a girl's camp during the summer months. She had never visited her father as provided in the decree of June 9, 1951. It appears that he had not invited her to do that, but it also appears that she would not have done so had he invited her. The chancellor, after a lengthy hearing upon the petition to eliminate from the decree of June 9, 1951, the right in Jack Lewis to have the children in his custody for a period of thirty days, granted the prayer of the petition. From that decree Jack Lewis appeals. While the parents and the chancellor recognized that Ann was of sufficient age and maturity to elect whether she would visit her father, yet she was not eliminated from the decree. However, no argument is made as to her on this appeal. The entire case is built around the effect of the decree upon Marge.

■■ ■ The chancellor, in his opinion, stated, and in his decree adjudicated, that the paramount consideration was the interest of Marge, and that it was for her best interest that the thirty-day visitation period to the father he eliminated. He found that the conditions had changed since the decree of June 9, 1951, was entered. Mr. Lewis had married again. Marge had grown. She was ten years of age. The father had not invited her to spend the thirty days for the past two years, nor for the full time otherwise provided in the decree of June 9th. The mother had not tried to influence the child against the father. The opinion of the chancellor states ''The fact remains that she has not been with him for any extended period of time and apparently not more than overnight for the past two years, which is a long period of time in the life of a small child.'' He said the welfare of the

child was the paramount consideration; that Marge and her father had become almost strangers. He concluded that he should eliminate the thirty-day period of visitation of Marge to her father but retain the week-end visits as provided in the decree of June 9th. He thought that would meet the situation of the parties as presented to him on this hearing. The week-end visit arrangement is feasible. All parties live in Meridian. Mr. and Mrs. Lewis and both children testified. The only other testimony introduced was that of a colored woman servant in the home of Mr. Lewis, which was of little, if any, value on the issues presented. We deem it unnecessary to detail the testimony of these witnesses. It is sufficient to say that the testimony amply justifies the conclusions reached by the chancellor. ▮▮ We might add that custody and the welfare of minor children are peculiarly problems for solution by the chancery courts of this State. We certainly cannot say that the chancellor was manifestly wrong in his findings, conclusions and adjudications in this cause.

Affirmed.

*Lee, Arrington, Ethridge* and *Gillespie, JJ.,* concur.